**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEJINDER SINGH, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 10-70180 Agency No. A099-339-908 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2014
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and PRATT, Senior District Judge.[**]

Petitioner Tejinder Singh ("Singh"), a native and citizen of India, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") affirming an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert W. Pratt, Senior District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

1

immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts and procedural history of the case, we repeat only those facts necessary to resolve the issues raised on appeal. We grant the petition for review and remand this case to the BIA for further proceedings.

The BIA "conducted its own review of the evidence and law rather than simply adopting the [IJ's] decision. Accordingly, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted). Credibility determinations must be based on "specific and cogent reasons" which are reasonable and which "take into consideration the individual circumstances" of the applicant's case. *Shrestha v. Holder*, 590 F.3d 1034, 1041–42 (9th Cir. 2010) (internal quotation marks omitted).

Substantial evidence does not support the IJ's adverse credibility finding based on Singh's mentioning in his testimony, but not his declaration, that the police visited his family four times after he left India. "Omissions from asylum applications are often not a sufficient basis for discrediting later testimony." *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). Unlike the petitioner in *Alvarez-Santos*, Singh did not omit from his declaration any "dramatic, pivotal

2

event" that he personally experienced. *See id.* All of the police visits occurred after Singh left India, and at least two of them occurred after Singh submitted his asylum application. Further, the IJ's general questions regarding whether Singh had anything to add to his application were unlikely to elicit the testimony for which the IJ faulted him.

The IJ also impermissibly speculated that one similar phrase in Singh's declaration and his mother's declaration meant that the declarations were written by the same person and, further, must have been fabricated. *See Joseph v. Holder*, 600 F.3d 1235, 1245 (9th Cir. 2010) (explaining that speculation cannot form the basis of an adverse credibility finding). The declarations are not otherwise notably similar, and there is no evidence in the record regarding the use of the particular phrase in Punjabi.

Because the IJ's adverse credibility determination was not based on substantial evidence, we vacate the denial of Singh's asylum application. Because we vacate the denial of asylum, we also vacate the denial of withholding of removal and relief under CAT, which are based on the same underlying adverse credibility determination. *Cf. Shrestha*, 590 F.3d at 1039.

The petition for review is GRANTED and this case is REMANDED for further proceedings.

3